UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SS&C TECHNOLOGIES HOLDINGS, INC. and ADVENT SOFTWARE, INC.,<br><br>Plaintiffs,<br><br>-against-<br><br>ARCESIUM LLC,<br><br>Defendant.<br><br>ARCESIUM LLC,<br><br>Counterclaim-Plaintiff,<br><br>-against-<br><br>SS&C TECHNOLOGIES HOLDINGS, INC. and ADVENT SOFTWARE, INC.,<br><br>Counterclaim-Defendants. | 22-CV-02009 (TMR-OTW)<br><br>**OPINION & ORDER** |

Dated: January 5, 2024

Stephen R. Fishbein, John A. Nathanson, Christopher L. LaVigne, Michael W. Holt, Eric S. Lucas, Benjamin Klebanoff, Sheyla D. Soriano, Shearman & Sterling LLP, of New York, N.Y. and Matthew J. Reynolds, Huth Reynolds LLP of Chesterfield, V.A., for plaintiffs and counterclaim defendants SS&C Technologies Holdings, Inc., and Advent Software, Inc.

James J. Pastore, Jr., Megan K. Bannigan, Wendy B. Reilly, Brandon Fetzer, Alessandra G. Masciandaro, Mark P. Goodman, Debevoise & Plimpton LLP, of New York, N.Y., with them on briefs was Richard L. Green, Gordon Rees Scully Mansukhani, of Glastonbury, C.T., for defendant and counterclaim plaintiff Arcesium LLC.

<u>TIMOTHY M. REIF, Judge, United States Court of International Trade, Sitting by Designation</u>:

Plaintiffs and counterclaim defendants SS&C Technologies Holdings, Inc. and Advent Software Inc. ("SS&C" or "plaintiff") commenced this action, alleging that defendant and counterclaim plaintiff Arcesium LLC ("Arcesium" or "defendant") violated the Defend Trade Secrets Act ("DTSA"), 18 U.S.C. § 1836, by misappropriating SS&C's trade secrets associated with SS&C's portfolio accounting software, Geneva, and using them to develop a competing product; plaintiff alleges also common law misappropriation of trade secrets and breaches of the contract governing parties' licensing of the subject software. Am. Compl., ¶¶ 69-101, ECF No. 36. On June 11, 2022, Arcesium filed counterclaims, alleging breaches of contract, tortious interference with a contract, common law unfair competition and tortious interference with prospective economic advantage. Def.'s Countercl., ¶¶ 88-145 ("Countercl."), ECF No. 47.

Before the court is plaintiff's motion for consolidation of the above-captioned action with *SS&C v. D. E. Shaw & Co., L.P.*, No. 1:23-cv-9158-TMR ("*D.E. Shaw* action") pursuant to Fed. R. Civ. P. 42(a). Pl.'s Mot. Consol. ("Pl. Mot. Consol."), ECF No. 227. For the reasons discussed below, plaintiff's motion for consolidation is DENIED.

## BACKGROUND[1]

The above-captioned action arises from a complaint filed by plaintiff SS&C, alleging that defendant Arcesium misappropriated SS&C's trade secrets underlying the Geneva portfolio accounting software, used the trade secrets in a commercial context to create a competing software, misappropriated trade secrets under common law and breached the contract between the parties governing the terms of the licensing of the subject software. Am. Compl.,[2] ¶¶ 69-101. In 2015, SS&C and Arcesium entered into a Hosted Reseller Agreement ("HRA"), licensing SS&C's portfolio accounting software to Arcesium. Id. ¶ 35. Plaintiff states that defendant Arcesium took advantage of its position as an authorized reseller of Geneva to steal SS&C's Geneva trade secrets to develop and build a competing product. Id. ¶¶ 1-5.

On June 10, 2022, Arcesium filed a motion to dismiss SS&C's amended complaint. Def. Arcesium's Mot. Dismiss Am. Compl., ECF No. 40. On June 11, 2022, defendant Arcesium filed counterclaims, alleging breaches of contract, tortious interference with a contract, common law unfair competition and tortious interference with prospective economic advantage. Countercl. ¶¶ 88-145. On June 28, 2022, discovery disputes were referred to Judge Ona T. Wang. Order re: SS&C

---

[1] For purposes of plaintiff's motion for consolidation, the court limits its review of the background to the facts asserted in the complaints and pertinent to the issue of consolidation.

[2] The original complaint in the instant action was filed on March 10, 2022. Compl., ECF No. 1. SS&C was granted leave by the court to amend the original complaint on May 13, 2022. Scheduling Order, ECF No. 33 (setting deadline to amend complaint to May 20, 2022).

and Arcesium Discovery, ECF No. 50. On July 8, 2022, SS&C filed a motion to dismiss Arcesium's counterclaims. Pl.'s Mot. Dismiss Countercl., ECF No. 62. Parties have been working through discovery and discovery disputes, with fact discovery originally scheduled to close on December 19, 2023. Scheduling Order, ECF No. 157.

On October 18, 2023, SS&C filed a complaint against D.E. Shaw, alleging the latter's theft of trade secrets underlying the Geneva software under DTSA, common law misappropriation of trade secrets and breaches of contract. *D.E. Shaw* action Compl., ECF No. 1. On November 15, 2023, SS&C filed a motion to consolidate the *D.E. Shaw* action with the *Arcesium* action. *D.E. Shaw* action, Pl.'s Mot. Consol. ("Pl. Mot. Consol."), ECF No. 17.

Before the court is plaintiff's motion to consolidate the *Arcesium* action with the *D.E. Shaw* action pursuant to Rule 42(a). Pl. Mot. Consol. at 1; Fed. R. Civ. P. 42(a). In addition to plaintiff's motion to consolidate the *Arcesium* and *D.E. Shaw* cases, plaintiff seeks to file a consolidated complaint and proposes a timeline for discovery to include discovery related to D.E. Shaw.[3] Pl. Mot. Consol. at 3. On November 29, 2023, defendant Arcesium filed a motion in opposition to consolidation. Def. Arcesium Opp'n Mot. Consol. ("Arcesium Opp'n Consol."), ECF No. 230. On November 29, 2023, defendant in the *D.E. Shaw* action filed a motion in opposition to consolidation. *D.E. Shaw* action, Def.'s Opp'n Mot. Consol. ("Def.

---

[3] Arcesium was founded in 2014 as a spin-off of an internal technology group at D.E. Shaw. Am. Compl. ¶ 33. D.E. Shaw was an authorized licensee of Geneva at the time of the licensing agreement between Arcesium and SS&C. *Id.*

Opp'n Consol."), ECF No. 19.  On December 1, 2023, plaintiff filed a motion for leave to file a reply brief in the *Arcesium* action in further support of its motion for consolidation.  Pl.'s Mot. Supp. Mot. Consol., ECF No. 232.  On December 1, 2023, defendant Arcesium opposed plaintiff's motion for leave to file a reply brief supporting consolidation.  Def.'s Opp'n Pl.'s Mot. Leave to Reply, ECF No. 233.  The court considers respective parties' arguments in favor of and against consolidation and denies the consolidation of the *D.E. Shaw* and *Arcesium* actions.

## JURISDICTION AND LEGAL STANDARD

The court exercises subject matter jurisdiction over plaintiff's federal law claims pursuant to 18 U.S.C. § 1836(c) and 28 U.S.C. § 1331.  The court exercises supplemental jurisdiction over plaintiff's common law claims and breach of contract claims pursuant to 28 U.S.C. § 1367(a) as these claims "form part of the same case or controversy" as the federal law claims at the center of the instant action.  28 U.S.C. § 1367(a).

Rule 42(a) permits courts to consolidate and coordinate actions that "involve a common question of law or fact." Fed. R. Civ. P. 42(a).  "At all times, the burden remains with the moving party to convince the court that consolidation is appropriate." *Internet L. Libr., Inc. v. Southridge Cap. Mgmt., LLC*, 208 F.R.D. 59, 61 (S.D.N.Y. 2002) (citing *Transeastern Shipping Corp. v. India Supply Mission,* 53 F.R.D. 204, 206 (S.D.N.Y. 1971)).  Further, Rule 42(a) vests district courts with "broad discretion to determine whether consolidation is

Court No. 22-CV-02009 6

appropriate." *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284 (2d Cir. 1990) (citations omitted).

The U.S. Court of Appeals for the Second Circuit ("Second Circuit") has instructed district courts to consider the following factors when deciding whether to consolidate cases:

> [W]hether the specific risks of prejudice and possible confusion [are] overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses, and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives.

*Id.* at 1285 (quoting *Hendrix v. Raybestos-Manhattan, Inc.*, 776 F.2d 1492, 1495 (11th Cir. 1985)) (alterations in original).  The paramount concern is whether savings of expense and gains of efficiency can be accomplished without sacrificing justice. *Id.*

The Supreme Court has clarified the effects of consolidation of actions, stating that:

> None of this means that district courts may not consolidate cases for "all purposes" in appropriate circumstances.  District courts enjoy substantial discretion in deciding whether and to what extent to consolidate cases.  What our decision does mean is that constituent cases retain their separate identities at least to the extent that a final decision in one is immediately appealable by the losing party.

*Hall v. Hall*, 138 S. Ct. 1118, 1131 (2018) (citations omitted). "It is axiomatic that consolidation is a procedural device designed to promote judicial economy and that consolidation cannot effect a physical merger of the actions or the defenses of the

separate parties." *Katz v. Realty Equities Corp. of New York,* 521 F.2d 1354, 1358 (2d Cir. 1975) (citations omitted). "[E]ach case in which it may appear desirable to consolidate complaints in different actions must be evaluated on its own facts with close attention to whether the anticipated benefits of a consolidated complaint outweigh potential prejudice to the parties." *Id.* at 1360.

## DISCUSSION

### I. Positions of the parties

The court considers plaintiff's position regarding consolidation considering plaintiff filed the motion under consideration. Plaintiff states that "there is no question that the actions concern common questions of law and fact, as the complaints against Arcesium and [D.E. Shaw] illustrate." Pl. Mot. Consol. at 2. Plaintiff argues that the positions of D.E. Shaw and Arcesium to withhold consent for consolidation of the two actions are "inherently contradictory, and it appears [D.E. Shaw] and Arcesium merely intend to delay both cases, which is unfair and inefficient." *Id.* at 1. According to plaintiff, both actions concern the alleged stealing of the trade secret:

> Both cases involve SS&C's Geneva portfolio accounting software, which SS&C claims Arcesium and [D.E. Shaw] together misappropriated to develop portfolio accounting software to compete with SS&C. SS&C alleges that [D.E. Shaw] created and spun-off its Arcesium subsidiary for the express purpose of commercializing stolen Geneva trade secrets, and that [D.E. Shaw] and Arcesium worked together to accomplish that goal.

*Id.* at 2. To support its position, plaintiff cites the advantages of consolidation to "avoid[] the waste associated with duplicative discovery and multiple trials, and the

danger of inconsistent verdicts." Pl. Mot. Consol. at 2-3 (citing *Internet L. Libr., Inc.*, 208 F.R.D. at 61).

Defendant Arcesium argues that "SS&C seeks to add a new party to the case; add new counts against Arcesium; and vastly expand the scope of the case to include technology that was created by [D.E. Shaw] before Arcesium even existed," and that the expansion and transformation of the case at this late date would substantially prejudice Arcesium. Arcesium Opp'n Consol. at 1.[4] Arcesium argues that plaintiff seeks to circumvent the procedural requirements of amending the complaint by filing a second action centered on the same facts followed by a motion for consolidation: "SS&C is actually seeking to belatedly amend the pleadings against Arcesium." *Id.* at 2. Arcesium argues that SS&C has filed a motion to consolidate and a motion to file a consolidated complaint as a substitution for a motion to amend the *Arcesium* complaint, which has a higher standard of pleading than consolidation. *Id.* Arcesium states that "SS&C's effort to end run the substantive and procedural safeguards that apply to late motions to amend the pleadings underscores its 'shifting-sands' approach to the litigation." *Id.* (citing *Quintara Biosciences, Inc. v. Ruifeng Biztech Inc.*, 2021 WL 2166880, at *1 (N.D.

---

[4] D.E. Shaw opposes consolidation as well, arguing that SS&C's motion is premature in the *D.E. Shaw* action because SS&C moved for consolidation before the court could decide D.E. Shaw's motion to dismiss. *D.E. Shaw* action, Def. Opp'n Consol. Additionally, D.E. Shaw states that consolidation would prejudice D.E. Shaw and that SS&C's truncated proposed consolidated discovery would be insufficient to address the complexity of the claims brought by SS&C. *Id.* at 2. Defendants in the *Arcesium* action and the *D.E. Shaw* action oppose consolidation on similar bases, and the court considered D.E. Shaw's position when deciding whether consolidation is appropriate for the two actions.

Cal. May 27, 2021) ("[C]ourts have a distinct interest in preventing parties from taking a shifting-sands approach to trade secret claims.")). Arcesium claims that SS&C's request to consolidate the actions via letter motion and to file a "Consolidated Complaint" is procedurally and substantively improper: the motion does not mention the applicable standard, does not attach a copy of the proposed amended complaint and was made improperly by letter brief. Arcesium Opp'n Consol. at 3. Arcesium states that SS&C framed what should have been a motion to amend its complaint under Rules 15 and 16 in the *Arcesium* action as a motion to file a "consolidated complaint," purportedly under Rule 42. *Id.* (citing Fed. R. Civ. P. 15(a), 16). Arcesium states that "[c]ourts routinely reject this tactic because they recognize that '[a] consolidated amended complaint is still an amended pleading.'" Arcesium Opp'n Consol. at 3 (quoting *City of N.Y. v. FedEx Ground Package Sys., Inc.*, 2018 WL 4521209, at *4 (S.D.N.Y. Sept. 21, 2018) (denying leave to file consolidated complaint two years after deadline to amend pleadings had expired)).

## II.   Analysis

The court denies plaintiff SS&C's motion for consolidation for two principal reasons: (1) the prejudicial effect on defendants outweighs the benefits of judicial economy; and (2) the temporal gap and the disparate stages of adjudication of the two actions do not weigh in favor of consolidation.

First, the court concludes that consolidating the *D.E. Shaw* action with the *Arcesium* action would prejudice defendants in both cases. Plaintiff does not meet its burden to demonstrate that the actions should be consolidated. *Ekpe v. City of*

*N.Y.*, No. 20 CIV. 8248, 2021 WL 5999204, at *2 (S.D.N.Y. Dec. 20, 2021) (citing *Transeastern Shipping,* 53 F.R.D. at 206). Further, plaintiff does not address the potential for prejudice to the defendants of the actions. Defendant Arcesium argues that SS&C filed an additional action against D.E. Shaw with a motion for consolidation shortly thereafter to circumvent the standard applicable to the amendment of SS&C's complaint in the *Arcesium* action. Arcesium Opp'n Consol. at 2. The court does not presume to construe ulterior motives for SS&C's legitimate suit against D.E. Shaw and subsequent motions for consolidation, but the court notes that due to the substantial temporal disjuncture of the cases, consolidation would not facilitate reaching a decision on the merits of either case.

The court acknowledges that the two actions are related and concern similar parties and similar issues of law and fact. Notwithstanding the related nature of the actions, defendant in the *Arcesium* action and defendant in the *D.E. Shaw* action oppose SS&C's respective motions for consolidation and argue that consolidation would prejudice defendants. *See generally* Arcesium Opp'n Consol. and *D.E. Shaw* action, Def. Opp'n Consol. In light of the distinctive defenses of Arcesium and D.E. Shaw and the fact that the motion to dismiss in the *D.E. Shaw* action has not even been briefed, the consolidation of the actions could prejudice defendants in the actions and does not facilitate an efficient adjudication of the claims. *Johnson,* 899 F.2d at 1285. As such, the court concludes that the prejudicial effect of consolidation is too great to justify the potential for judicial economy.

Second, the court concludes that the differential between the stages of the two actions is too great for the court to allow consolidation without significant prejudice to defendants. In fact, the recent filing of the motion for consolidation has already disrupted the timetable for completion of certain key steps in the Arcesium action. Notably, fact discovery in the *Arcesium* action was scheduled to conclude on December 19, 2023, until plaintiff filed the complaint in the *D.E. Shaw* action on October 18, 2023, and the motions for consolidation on November 15, 2023. Scheduling Order; *D.E. Shaw* action, Compl., ECF No. 1; *D.E. Shaw* action, Pl. Mot. Consol.. Due to the commencement of a new action and the prioritization of a motion for consolidation, parties in the *Arcesium* action were ordered to stay discovery. Order Staying Discovery (OTW), ECF No. 234. Defendant in the *Arcesium* action emphasizes that there are outstanding competing motions to dismiss the respective actions, arguing that the court should not consolidate the cases until the court disposes of the motions to dismiss. Arcesium Opp'n Consol. at 5 (citing *Werner v. Satterlee, Stephens, Burke & Burke*, 797 F. Supp. 1196 (S.D.N.Y. 1992) (consolidating cases after deciding pending motion to dismiss)). As noted in this Court, "courts in [the Second] Circuit have found that, where cases are in different stages of discovery, consolidation does not achieve the aims of judicial efficiency even if the cases share some factual overlap." *Ekpe*, 2021 WL 5999204, at *3 (citing *Romeo v. Suffolk Ready Mix LLC*, No. 09 Civ. 2253, 2010 WL 3925260, at *2 (E.D.N.Y. Sept. 23, 2010)).

The court takes note of potentially duplicative effects of parallel proceedings and does not weigh those potential effects lightly. *Compare* Compl. in *D.E. Shaw* action, *with* Am. Compl. in *Arcesium* action; *see Barclay v. Lowe*, 131 F. App'x 778, 779 (2d Cir. 2005) (holding that a plaintiff does not have a right to maintain two actions on the same subject in the same court against defendants "in privity with the defendants" named in the original complaint); *Curtis v. Citibank, N.A.,* 226 F.3d 133, 138-39 (2d Cir. 2000). However, due to the substantial temporal disparity between the two actions, in the interests of advancing and concluding discovery in the *Arcesium* action, and in consideration of the distinct defense brought by defendant D.E. Shaw in its motion to dismiss the *D.E. Shaw* action, the court concludes that the two cases are best adjudicated separately. The Second Circuit has observed that due to "the obvious difficulties of anticipating the claim or issue-preclusion effects of a case that is still pending, a court faced with a duplicative suit will commonly stay the second suit, dismiss it without prejudice, enjoin the parties from proceeding with it, or consolidate the two actions." *Curtis,* 226 F.3d at 138 (citing *Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co.*, 342 U.S. 180, 186 (1952) (stay); *Devlin v. Transp. Commc'ns Int'l Union,* 175 F.3d 121, 129-30 (2d Cir. 1999) (remanding for consideration of consolidation); *First City Nat'l Bank & Trust Co. v. Simmons,* 878 F.2d 76, 80 (2d Cir. 1989) (dismissal without prejudice); *Nat'l Equip. Rental, Ltd. v. Fowler,* 287 F.2d 43, 45-46 (2d Cir. 1961) (parties enjoined)). In light of the foregoing, the court concludes that consolidation is not appropriate for the *Arcesium* and *D.E. Shaw* actions.

## CONCLUSION

For the reasons discussed, the court DENIES plaintiff's motion for consolidation. Further, the court denies plaintiff's motion for leave to file a reply letter in further support of consolidation as moot. The Clerk of Court is directed to terminate the motions pending at No. 22 Civ. 02009, ECF No. 227 and ECF No. 232 and No. 23 Civ. 09158, ECF No. 17 and ECF No. 20. SO ORDERED.

Dated: January 5, 2024
      New York, New York

/s/ Timothy M. Reif
Timothy M. Reif, Judge
United States Court of International Trade
*Sitting by Designation*
United States District Court for the
Southern District of New York