# DESMARAIS LLP

www.desmaraisllp.com

NEW YORK
SAN FRANCISCO
WASHINGTON, DC

Steven M. Balcof
New York
Direct: 212-808-2944
sbalcof@desmaraisllp.com

February 9, 2024

**Via ECF**

Hon. Timothy M. Reif
1 Federal Plaza
New York, New York 10278

      Re:    ***SS&C Technologies Holdings, Inc. & Advent Software Inc. v. D. E. Shaw & Co.*, L.P., No. 1:23-cv-9158-TMR;**
           **Letter Motion to File Under Seal DESCO's Motion to Dismiss the Amended Complaint**

Dear Judge Reif:

D. E. Shaw & Co., L.P. ("DESCO") respectfully requests permission to file a redacted version of its Motion to Dismiss SS&C Technologies Holdings, Inc.'s and Advent Software, Inc.'s (together, "SS&C") Amended Complaint ("Motion"), with an unredacted version to be filed under seal.

While a presumption of public access applies to judicial documents, "[t]he weight to be given the presumption of access must be governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006) (quoting *United States v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995)). Courts must balance against the weight of the presumption countervailing factors such as "the privacy interests of those resisting disclosure." *Id.* at 120 (quoting *Amodeo*, 71 F.3d 1044 at 1050).

On January 10, 2024, SS&C filed its Amended Complaint. ECF No. 32. However, it was apparent on the face of the Amended Complaint that SS&C utilized DESCO third-party discovery material produced in *SS&C Technologies Holdings, Inc. v. Arcesium LLC*, No. 1:22-cv-2009-TMR-OTW (S.D.N.Y.) (hereinafter *Arcesium*), to bolster its pleadings. *See, e.g.*, ECF No. 32 ¶ 85 ("SS&C only learned about [DESCO's alleged misconduct] during discovery in SS&C's trade secret misappropriation case against Arcesium."). The parties dispute whether SS&C's reliance on that material violates the protective order entered in the *Arcesium* matter. *See* ECF No. 35; *see also Arcesium*, ECF No. 29, ¶ 4.1 ("Protective Order"). Pending resolution of that dispute, SS&C requested leave from the Court to seal the Amended Complaint and file a redacted version—a request Your Honor subsequently granted. ECF Nos. 35, 36 ("Order").

DESMARAIS LLP

In its Motion, DESCO discusses material[1] from the Amended Complaint that the Court agreed to seal in its Order.  ECF No. 36.  Consistent with the Order, DESCO seeks to seal that material in its Motion.  DESCO has met and conferred with Arcesium to ensure that DESCO's sealing request is tailored only to material that presents a privacy concern.  DESCO attaches a letter signed by Arcesium's counsel, supporting this request to file DESCO's Motion under seal.

Accordingly, DESCO respectfully submits this request to redact the public version of the Motion and file an unredacted copy of the Motion under seal.

Respectfully submitted,

/s/ *Steven M. Balcof*
Steven M. Balcof

SO ORDERED       DATE   March 26, 2025

*Timothy Reif*

TIMOTHY M. REIF, JUDGE,
UNITED STATES COURT OF
INTERNATIONAL TRADE
*SITTING BY DESIGNATION*
UNITED STATES DISTRICT
COURT FOR THE SOUTHERN
DISTRICT OF NEW YORK

---

[1] DESCO's motion contains only a single redaction, spanning no more than two lines.

# ATTACHMENT

**Debevoise
&Plimpton**

Debevoise & Plimpton LLP
66 Hudson Boulevard
New York, NY 10001
+1 212 909 6000

February 9, 2024

**BY ECF**
Hon. Timothy M. Reif
1 Federal Plaza
New York, New York 10278

Re: *SS&C Technologies Holdings, Inc. and Advent Software, Inc. v. D. E. Shaw & Co. L.P.*, No. 1:23-cv-9158-TMR; Letter in Support of Motion to Seal

Dear Judge Reif:

We represent Arcesium LLC ("Arcesium") in *SS&C Technologies Holdings, Inc. and Advent Software LLC v. Arcesium LLC*, 1:22-cv-2009-TMR-OTW (S.D.N.Y.) (the "Arcesium Litigation"). We respectfully submit this letter in support of D. E. Shaw & Co., L.P.'s ("DESCO") request to redact a portion of one sentence in DESCO's Motion to Dismiss the Amended Complaint (the "Motion") in the above-captioned action and to file the unredacted version of the Motion under seal.

In part of one sentence, the Motion contains a reference to discovery material that Arcesium designated "Highly Confidential – Outside Counsel and Experts' Eyes Only" under the operative protective order in the Arcesium Litigation (Case No. 22-cv-2009, ECF No. 29 (the "Protective Order")). The Protective Order requires that if any such material "is included or referenced in any submissions to the Court, the filing party shall redact all Protected Material in materials filed on the public docket and shall file unredacted versions under seal." Protective Order § 6.1. This Court previously granted SS&C Technologies Holdings, Inc.'s and Advent Software LLC's request to redact this same information from the Amended Complaint. No. 23-cv-9158, ECF No. 36.

The type of information at issue is regularly deemed protected because disclosure "might harm a litigant's competitive standing." *In re Parmalat Sec. Litig.*, 258 F.R.D. 236, 244 (S.D.N.Y. June 1, 2009) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)); *Dodona I, LLC v. Goldman, Sachs & Co.*, 119 F. Supp. 3d 152, 154-55 (S.D.N.Y. July 30, 2015). While a presumption of public access applies to judicial documents, *e.g.*, documents relevant to the performance of the judicial function and useful in the judicial process, the weight of the presumption is "governed by the role of the material at issue" and the resulting value of such information to the public. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006). Courts must also balance against the weight of the presumption any countervailing factors such as "the privacy interests of those resisting disclosure," *id.* at 120, including "the degree to which the subject matter is traditionally considered private rather than public," and the "nature and degree of injury" resulting from disclosure, *United States v. Amodeo*, 71 F.3d 1044, 1050-51 (2d Cir. 1995).

Accordingly, Arcesium respectfully requests that the Court grant DESCO's request to redact the public version of the Motion and to file an unredacted version of the Motion under seal.

Respectfully submitted,

  */s/ James J. Pastore*

James J. Pastore

cc: All Counsel of Record (via ECF)